# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

LORI SCOTT, et. al.,

        Plaintiffs,

vs.

SUSIE SCOTT WASHINGTON, et. al.,

        Defendants.

No. C17-2016-LTS

**ORDER**

---

This case, which was originally assigned to me, is now before me on my own motion. On May 26, 2017, the Clerk of Court entered an order of default (Doc. No. 22) against defendants Cynthia Scott and Todd Micou. On July 6, 2017, upon the consent of all parties who had made an appearance, I transferred this case to the Honorable C.J. Williams, Chief United States Magistrate Judge, for final disposition. Doc. No. 29. On July 11, 2017, interpleader plaintiff Minnesota Life Insurance Company filed a motion (Doc. No. 31) for default judgment against Todd Micou and Cynthia Scott, as interpleader defendants. Judge Williams filed an order (Doc. No. 37) granting that motion and the Clerk of Court entered judgment (Doc. No. 38) by default. On July 14, 2017, the Clerk of Court entered an order (Doc. No. 34) of default against Todd Micou and Cynthia Scott, as cross-claim defendants. On August 22, 2017, cross-claimant Susie Scott Washington filed a motion (Doc. No. 44) for default judgment against Todd Micou and Cynthia Scott, as cross-defendants. Judge Williams filed an order (Doc. No. 45) granting that motion and the Clerk of Court entered judgment (Doc. No. 46) by default.

Pursuant to 28 U.S.C. § 636(c), a United States Magistrate Judge may "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," upon the consent of all parties. "Section 636(c) requires a clear and unambiguous statement in the record of the affected parties' consent to the magistrate

judge's jurisdiction." *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 933 (8th Cir. 1994) (citation omitted). A defaulting party who has not consented to proceed before a magistrate judge or otherwise ratified the agreement to proceed before a magistrate judge has not made a "clear and unambiguous statement" of consent to proceed before a magistrate judge. *Id.* In such a case, the magistrate judge will lack the authority to enter a default judgment against the non-consenting party. *Id.* If a magistrate judge does, however, enter a default judgment against a non-consenting party, that judgment does not constitute a valid final judgment. *Id.* ("[Defaulting defendant] did not waive its right to have judgment entered and to have its motion to vacate [default judgment] heard by an Article III judge. Thus, there is no valid final order.").

Here, at the time Judge Williams filed the orders directing the entry of default judgment against Todd Micou and Cynthia Scott, in their capacities as interpleader defendants and cross-claim defendants, neither had entered an appearance nor consented to proceed before a magistrate judge. Judge Williams thus lacked the authority to grant the motions for default judgment. This Court's local rules contemplate such a situation:

> **Questionable Jurisdiction or Authority**. If a magistrate judge hears and decides a matter, and a district court judge later determines the magistrate judge did not have jurisdiction or authority to do so, the district court judge may consider the matter as having been referred to the magistrate judge and treat the decision of the magistrate judge as a report and recommendation. If a matter comes before a magistrate judge without a referral from a district court judge, the magistrate judge may consider the matter as having been referred by the district court judge for a report and recommendation.

N.D. Ia. L.R. 72(g). As such, Judge Williams' orders (Doc. Nos. 37, 45) granting the motions for default judgment are hereby deemed to be reports and recommendations, not final orders.

Although no objections have been filed, I have elected to conduct a de novo review of the reports and recommendations because of the unique circumstances present here. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("[W]hile the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further

2

review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.")  Based on my de novo review, I find that it is appropriate to accept the reports and recommendations.  As such:

1.     The Clerk of Court shall amend the text of the docket entries at Nos. 37 and 45 to reflect that Judge Williams filed reports and recommendations, not final orders.

2.     I hereby **accept** Judge Williams' reports and recommendations (Doc. No. 37 and 45), without modification.

3.     Pursuant to Judge Williams' recommendations, the motions (Doc. Nos. 31 and 44) for default judgment are **granted**.

4.     Because I have granted the motions for default judgment, the judgments on the docket at Nos. 38 and 46 shall continue to be deemed valid and enforceable.

5.     This case, having been temporarily assigned to me for the purpose of entering this order, shall be re-assigned to Judge Williams after this order is docketed.


     **IT IS SO ORDERED.**

     **DATED** this 3rd day of May, 2018.

_____
Leonard T. Strand, Chief Judge